**O**

# United States District Court
# Central District of California

VALERIE PENATE and RHONDA HAMILTON,

               Plaintiffs,

    v.

WYNDHAM WORLDWIDE OPERATIONS, INC. and LAMONT ZACHMAN,

               Defendants.

Case № 2:15-cv-09213-ODW(KSx)

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [20]**

## I.   INTRODUCTION

This is a whistleblower-retaliation action. Plaintiffs Valerie Penate and Rhonda Hamilton allege that their employer, Defendant Wyndham Worldwide Operations, Inc., wrongfully discharged them for complaining about unlawful sales practices within the company. Defendant moves to dismiss the complaint, or in the alternative, for summary judgment based on the fact that it did not employ Plaintiffs. For the reasons discussed below, the Court **DENIES** the Motion. [1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## II.    FACTUAL BACKGROUND

Defendant allegedly employed Plaintiff Valerie Penate as a program support specialist between April 2013 and October 2014.  (First Am. Compl. ¶ 9, ECF No. 15.)  During this time, Penate was told to treat certain customers more favorably than other customers, and that she "reasonably believed [this] to be a fraudulent and illegal sales practice."  (*Id.* ¶ 10.)  Penate relayed this belief to her supervisor, and refused to engage in the practice.  (*Id.*)  Penate was later terminated, allegedly based on her reporting this illegal activity to her supervisor.  (*Id.* ¶ 11.)

Defendant allegedly also employed Plaintiff Rhonda Hamilton as a frontline member services representative between February 2010 and November 2012.  (*Id.* ¶ 12.)  Hamilton learned that Defendant was directing its employees to use fraudulent and deceptive sales tactics to sell timeshares to customers, including misrepresenting the costs and benefits of timeshare ownership.  (*Id.* ¶ 13.)  Employees who used these tactics were treated (and compensated) better than those who did not.  (*Id.* ¶ 14.)  After Hamilton complained to her supervisor about both the illegal sales tactics and the disparate treatment and compensation, she was suspended.  (*Id.* ¶¶ 14–17.)  Hamilton then sent a letter to Defendant complaining that her suspension was retaliatory.  (*Id.* ¶ 18.)  Defendant failed to respond, and Hamilton alleges that she was "constructively terminated" from her job thereafter.  (*Id.* ¶¶ 18–19.)

On November 28, 2015, Plaintiffs filed their Complaint.  (ECF No. 1.)  On March 30, 2016, Plaintiffs filed a First Amended Complaint ("FAC"), in which they assert three claims against Defendant: (1) violation of the Dodd-Frank Act; (2) fraud; and (3) negligent hiring, supervision, and retention.  (ECF No. 15.)  Shortly before appearing in the case, Defendant informed Plaintiffs' counsel that it was not Plaintiffs' employer, and that the entity that employed Plaintiffs was Wyndham Vacation Ownership.  (Kapur Decl. ¶¶ 3–7, ECF No. 20-2.)  Despite this fact, Plaintiffs' counsel refused to dismiss Defendant.  (*Id.*)  On May 11, 2016, Defendant filed the instant Motion.  (ECF No. 20.)  Plaintiffs timely opposed, and Defendant timely replied.

1  (ECF Nos. 25, 26.)  That Motion is now before the Court for consideration.

## III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  In making this determination, however, the court's review is limited to the pleadings, any documents incorporated by reference in the complaint, and any matters of which the Court may take judicial notice.  *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  In general, submitting a declaration in support of a motion under Rule 12(b)(6) will trigger this rule.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *see also, e.g.*, *Cycle Barn, Inc. v. Arctic Cat Sales Inc.*, 701 F. Supp. 2d 1197, 1203 (W.D. Wash. 2010); *Chung v. Strategic Decisions Grp.*, No. CIV.08-1480-ST, 2009 WL 1117492, at *2 (D. Or. Apr. 23, 2009).

Summary judgment should be granted if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine dispute for trial.  *Id.*; Fed. R. Civ. P. 56(c).

A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1968).  Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Moreover, there must be more than a mere scintilla of contradictory evidence.  *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  A court may not weigh conflicting evidence or make credibility determinations.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

## IV.   DISCUSSION

Defendant's entire Motion rests on the declaration of an employee stating that Defendant did not employ either Penate or Hamilton.  (Lee Decl. ¶¶ 3–4; Mot. 4.) Despite Defendant's unsupported arguments to the contrary (Mot. 4 n.1), the Court clearly cannot consider such a declaration on a motion to dismiss, *e.g.*, *Anderson*, 86 F.3d at 934; *Cycle Barn, Inc.*, 701 F. Supp. 2d at 1203; *Chung*, 2009 WL 1117492, at *2, and thus the Court treats this Motion as one for summary judgment.  Fed. R. Civ. P. 12(d).  The Court will analyze each claim accordingly.

### 1.   Dodd-Frank Act

Under the Dodd-Frank Act, an "employer" may not retaliate against an employee for, *inter alia*, exposing any unlawful business practices within the company.  15 U.S.C. § 78u-6(h)(1)(A).  Defendant argues that it was not Plaintiffs' "employer," and thus is not liable under the Act.  (Mot. 4.)  Defendant supports this argument with a two-paragraph declaration stating that "[a]t no point did Wyndham Worldwide Operations, Inc. employ Rhonda Hamilton [or Valerie Penate.]"  (Lee Decl. ¶¶ 3–4.)  Plaintiffs oppose Defendant's motion on several grounds, one of which is that Defendant may nevertheless be liable under the "joint employer" doctrine. (Opp'n 9–10.)  That doctrine, derived from Title VII cases, provides that "[t]wo or

more employers may be considered 'joint employers' if both employers control the terms and conditions of employment of the employee." *E.E.O.C. v. Pac. Mar. Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003).  Courts are required to evaluate the following eight factors in deciding whether or not a company qualifies for joint employer status:

> (1) The degree of the alleged employer's right to control the manner in which the work is to be performed; (2) The alleged employee's opportunity for profit or loss depending upon the alleged employee's managerial skill; (3) The alleged employee's investment in equipment or materials required for the alleged employee's task, or the employee's employment of helpers; (4) Whether the service rendered requires a special skill; (5) The degree of permanence of the working relationship; (6) Whether the service rendered is an integral part of the alleged employer's business; (7) Ownership of property or facilities where work occurred; and (8) Whether responsibility under the contracts between a labor contractor and an employer passes from one labor contractor to another without material changes.

*Id.*

To support their "joint employer" argument, Plaintiffs submit a declaration by Penate stating that she was in fact employed by Defendant.  (Penate Decl. ¶¶ 1–5, ECF No. 25-3.)   Plaintiffs also submit Penate's termination letter showing that Penate's employer identification number contain the letters "WW"—which Plaintiffs contend stands for "Wyndham Worldwide." (*Id.*, Ex. A.)  Finally, Plaintiffs argue that future discovery will likely uncover additional evidence showing that Defendant is a joint employer of Plaintiffs. (Opp'n 11.)  In response, Defendant concedes that Dodd-Frank allows for joint employer liability, but contends that the facts show that it never controlled the terms and conditions of Plaintiffs' employment. (Reply 4.)

The Court declines to rule on the issue at this time pursuant to Federal Rule of Civil Procedure 56(d).  Under Rule 56(d), the Court may deny a motion for summary judgment where the opposing party "cannot present facts essential to justify its

opposition." Fed. R. Civ. P. 56(d)(1).[2]  Here, the case is still in its infancy—Defendant has not yet answered the FAC, and Plaintiffs have not had an opportunity to conduct any discovery.  Given that the issue whether Defendant is a "joint employer" of Plaintiffs is particularly fact-intensive, and that the evidence needed to establish the joint employer doctrine is most likely in Defendant's possession, the Court concludes that the parties should conduct discovery before the Court addresses the merits of the doctrine.

### 2. Fraud

The Court denies Defendant's Motion with respect to the fraud claim.  "The elements of fraud . . . are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (citations and internal quotation marks omitted).  Plaintiffs' theory of fraud is that Defendant falsely represented to them that they would be permitted to work in a lawful environment, and that they relied on this misrepresentation in agreeing to work for Defendant.  (FAC ¶¶ 36–41.)  Defendant again asserts that it cannot be held liable for this claim if it is not Plaintiffs' employer.  (Mot. 4.)  Yet Plaintiffs' theory of liability does not require an employment relationship between Defendant and Plaintiffs; all that matters is that Defendant allegedly made a misrepresentation to Plaintiffs, and there is no reason why a non-employer could not have made that misrepresentation to them.

### 3. Negligent Hiring

Plaintiffs allege that Defendant was negligent in hiring and retaining employees that engaged in illegal sales practices.  (FAC ¶¶ 44–47.)  "An employer may be liable

---

[2] The Court notes that Rule 56(d) generally requires the opposing party to submit an affidavit attesting to the reasons why it cannot present facts to justify its opposition, and that Plaintiffs did not do so here.  Nevertheless, Plaintiffs made clear in their Opposition the fact that it could not produce further evidence because discovery has not yet opened.  (Opp'n 11.)  In light of the general confusion caused by Defendant's composite motion, *see infra* pp. 7–8, the Court concludes that Plaintiffs' failure to put its reasons in an affidavit is not fatal to its request.

1   to a third person for the employer's negligence in hiring or retaining an employee who

2   is incompetent or unfit." *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133,

3   1139 (2009).   Defendant's conclusory assertion that it is not liable for this claim

4   because it was not Plaintiffs' employer also fails. (Mot. 4.)  As Plaintiffs point out, an

5   employment relationship between Plaintiffs and Defendant is not required for this

6   claim.  (Opp'n 9.)  The negligent hiring is of Plaintiffs' colleagues and supervisors,

7   not of Plaintiffs themselves.  Thus, the Court also denies the Motion with respect to

8   the negligent hiring claim.

9                                    **V.   CONCLUSION**

10          For the reasons discussed above, the Court **DENIES** Defendant's Motion.

11  (ECF No. 20.)   The Court also wishes to say a word about the practice of filing

12  "motions to dismiss, or in the alternative, summary judgment."   This Court's

13  Scheduling and Case Management Order explicitly discourages this practice.  The two

14  motions serve distinct purposes: the former challenges the *allegations* in the

15  complaint, and the latter challenges the *evidence* supporting the claims.   There is

16  rarely an instance where it is unclear whether the evidence or the allegations are at

17  issue, and thus composite motions are almost always unnecessary.  Here, for example,

18  there was absolutely no reason to frame this Motion as one to dismiss.  The sole basis

19  on which Defendant moved to dismiss was a declaration it submitted attesting to the

20  fact that it did not employ Plaintiffs.  Such evidence clearly cannot be considered on a

21  motion to dismiss, and thus this motion was always one for summary judgment.

22          This Motion also demonstrates how such composite motions often result in

23  confused arguments that blur the distinction between the two types of motions.  First,

24  because Defendant tried to avoid as much as possible the fact that its Motion was

25  really one for summary judgment, Defendant did not show that it met the standard for

26  granting summary judgment; indeed, it did not even cite the summary judgment

27  standard in its papers.  Second, it created confusion for Plaintiffs, who apparently did

28  not realize that the Motion was alternatively one for summary judgment, but who

nevertheless produced their own evidence in an attempt to rebut the evidence that Defendant presented.  Plaintiffs also made muddled arguments such as requesting leave to amend to add allegations that overcome the evidence submitted by Defendant, and requesting leave to amend based on Plaintiffs' lack of access to Defendant's employment records at this early stage of the proceedings.

If this were not bad enough, Defendant then tried to rebut Plaintiffs' evidence with numerous factual statements in its reply that had no support in either the pleadings *or* in any evidence before the Court.  Maybe Defendant was still clinging to the hope that the Court would treat the Motion as one to dismiss, and it would be just too much gall to submit yet *another* declaration while arguing with a straight face that this is still a pleading challenge.  Whatever the reason, the Court was left with a hodge-podge of evidence and arguments, almost none of which made any sense. Needless to say, the vehicle that Defendant chose to present its argument destroyed whatever chance Defendant had of prevailing on it.

**IT IS SO ORDERED.**

July 11, 2016

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**