# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VALERIE PENATE and RHONDA HAMILTON,**

      **Plaintiffs,**

v.                                                     Case No: 6:17-cv-230-Orl-31DCI

**WYNDHAM WORLDWIDE OPERATIONS, INC.**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. 70), filed by the Defendant, Wyndham Worldwide Operations, Inc. (henceforth, "Wyndham"), the response in opposition (Doc. 79) filed by the Plaintiffs, Valerie Penate ("Penate") and Rhonda Hamilton ("Hamilton"), and the reply (Doc. 89) filed by Wyndham.

Penate and Hamilton are former Wyndham employees. On November 28, 2015, they filed the instant suit in the United States District Court for the Central District of California. In their Amended Complaint (Doc. 15), they asserted three claims: violation of the whistleblower anti-retaliation provisions of the Dodd-Frank Act (Count I); fraud (Count II); and negligent hiring, retention and/or supervision (Count III). On November 21, 2016, Wyndham filed a motion (Doc. 41) to have the case transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a); the motion was granted on February 8, 2017. (Doc. 56).

In both their initial Complaint (Doc. 1) and the Amended Complaint, the Plaintiffs have demanded a jury trial. By way of the instant motion, Wyndham seeks to have the Court strike the

Plaintiffs' jury trial demand, based on waivers of their jury trial rights signed by both Plaintiffs at the time they started working for Wyndham.

The Plaintiffs make two arguments as to why the Court should not strike their jury trial demands: First, they argue that despite the transfer, California law governs the instant case, and California law prohibits pre-trial waivers of jury trial rights. Second, they argue that the Dodd-Frank Act bars such waivers.

Neither argument is meritorious.

First, the Plaintiffs appear to be correct that California law bars jury trial waivers of the sort they signed before starting to work for Wyndham. *See, e.g., Grafton Partners L.P. v. Superior Court of Alameda County*, 116 P.3d 479 (Cal. 2005) (holding that right to jury trial may only be waived as prescribed by California legislature and listing methods allowed for such waivers). However, California law does not necessarily govern their claims in this case. When, as here, a case is transferred pursuant to 28 U.S.C. § 1404(a), the transferee court is obligated to apply the *choice of law rules* of the transferor court, rather than the substantive law of the state in which the transferor court is located. *See*, *e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n.8 (1982).

Thus, this court is obligated to apply California choice of law rules to the Plaintiffs' state law claims. California applies the so-called "governmental interest" analysis to resolve choice of law issues. *McCann v. Foster Wheeler LLC*, 225 P.3d 516, 524 (Cal. 2010). Under this analysis, a California court first determines whether there is a "true conflict" between the laws of the affected jurisdictions; if there is, the court then analyzes the jurisdictions' respective interests to determine which jurisdiction's interests would be more severely impaired if its law were not applied in the case. *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 917 (Cal. 2006).

Because they simply assume that California law applies, the Plaintiffs do not offer any choice of law analysis. However, based on the Amended Complaint, California has no particular interest in this case. In the Amended Complaint, the Plaintiffs assert that at all relevant times, they were residents of states other than California – Florida in Penate's case, and Virginia in Hamilton's. (Doc. 15 at 2). The Defendant is asserted to be a resident of Delaware and New Jersey. (Doc. 15 at 2). And the Plaintiffs do not allege that any relevant events took place in California. Because the state of California has no interest in this dispute, a California court would apply Florida law to Penate's state law claims, and Virginia law to Hamilton's, rather than California law.[1]

As to the Dodd-Frank whistleblower anti-retaliation claims asserted in Count I, the Plaintiffs contend that "Section 922 of the Dodd-Frank Act explicitly provides that an employee who brings a cause of action for whistleblower retaliation has the right to a jury trial." (Doc. 77 at 10). They also contend that the Dodd-Frank Act "provides that the right to a jury trial cannot be waived in a pre-dispute agreement, including but not limited to arbitration agreements." (Doc. 77 at 10). To support this second point, the Plaintiffs rely on *Wiggins v. ING U.S., Inc.*, No. 3:14-cv-1089 JCH, 2015 WL 3771646 (D. Conn. June 17, 2015).

The Court has reviewed Section 922 of the Dodd-Frank Act and finds no guarantee of a right to a jury trial in it. And the *Wiggins* case stands for the proposition that whistleblowers cannot be compelled to submit their Dodd-Frank Act anti-retaliation claims to arbitration. It does not say anything about jury trial waivers, and the Plaintiffs make no argument that the rationale adopted in *Wiggins* as to arbitration requirements should be applied or extended to jury trial waivers. *See also Pruett v. BlueLinx Holdings*, No. 1:13-cv-2607, 2013 WL 6335887 (N.D. Ga. Nov. 12, 2013) (holding that Dodd-Frank whistleblowers had no 7th Amendment right to a jury trial).

---

[1] The Plaintiffs do not argue that their jury trial waivers are prohibited by or invalid under either Florida or Virginia law.

- 3 -

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Strike Plaintiffs' Demand for Jury Trial (Doc. 70) is **GRANTED**. And it is further

**ORDERED** that Plaintiffs' jury trial demand is **STRICKEN**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 7, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE